IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TODD BARDIN CHRISTOPHER, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:24-CV-424 (CDL) |
| ZACHARY ALLEN SISK, *et al.*, | * | |
| Defendants. | * | |

O R D E R

Plaintiff filed a motion to compel additional responses to his discovery requests. Because Plaintiff's present motion does not establish that he is entitled to the relief he seeks, the Court denies the motion (ECF No. 56).

DISCUSSION

Plaintiff served Defendants with document requests. Defendants responded, but Plaintiff contends that the responses were inadequate.

First, Plaintiff contends that Defendants withheld documents based on privilege but did not adequately describe the withheld documents as required by Federal Rule of Civil Procedure 26(b)(5). Plaintiff did not provide the Court with the responses he claims are inadequate. Without the responses that contain Defendants' Rule 26(b)(5) privilege log, the Court cannot assess whether Defendants' responses are inadequate.

Accordingly, this portion of Plaintiff's motion is denied. Defendants represent that they have complied with Rule 26(b)(5); they shall continue to do so.

Second, Plaintiff contends that Defendants did not adequately respond to Request for Production No. 3, which he says requested communications between Defendants and the prosecutors regarding the criminal proceedings that followed his arrest. Plaintiff asserts that Defendants objected on privilege grounds and relevance grounds because Plaintiff's only claims are for (1) excessive force during an arrest and (b) deliberate indifference to serious medical needs. Plaintiff did not provide the Court with the text of his request or the text of Defendants' response and objections. Without that information, the Court cannot find that Defendants' response was inadequate.

Third, Plaintiff asserts that Defendants sent him an electronic storage device in response to his document requests, but he admits that he has not opened it or connected it to his computer. In his motion, Plaintiff asks that Defendants be required to identify the device and state which document requests it is intended to answer. In response, Defendants state that the device contains documents and videos related to Plaintiff's claims. Plaintiff did not point to any evidence suggesting that the production does not comply with Federal Rule of Civil Procedure 34, which requires that a party must produce

electronic "documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E) (emphasis added). Accordingly, the Court cannot find that Defendants' response was inadequate.

Finally, Plaintiff contends that Defendants improperly represented that they would supplement their responses if they locate more responsive documents. Defendants represent that they intend to supplement their document production because they are conducting a relevance review of certain documents that may be related to the 30+ Open Records Act requests that Plaintiff submitted to Harris County during the last fiscal year. Based on the present record, the Court cannot find that it was improper for Defendants to use a rolling production method and represent that it would supplement its responses as their document review yielded more responsive documents.

For all these reasons, the Court denies Plaintiff's present motion to compel (ECF No. 56).

IT IS SO ORDERED, this 10th day of November, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA